UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan SUAREZ–ROCHA, a.k.a. Juan
Suarez Rocha, Defendant–
Appellant.

No. 16–10474
16–10475

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 2, 2017

Arturo Andres Aguilar, Assistant U.S., USTU–Office of the US Attorney, Tucson, AZ, for Plaintiff–Appellee.

Matthew J. Mcguire, Patagonia, AZ, for Defendant–Appellant.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Juan Suarez–Rocha appeals the 30–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 18–month consecutive sentence imposed upon revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For the first time on appeal, Suarez–Rocha contends that the district court procedurally erred by failing to consider his arguments, and the 18 U.S.C. § 3553(a) factors, and sufficiently explain the sentence. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Suarez–Rocha's arguments, and the section 3553(a) factors, and adequately explained the within Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Suarez–Rocha also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Suarez–Rocha's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The aggregate sentence is substantively reasonable in light of the applicable section 3553(a) sentencing factors and the totality of the circumstances, including Suarez–Rocha's criminal history, his multiple prior removals, and his failure to be deterred by prior sentences. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.